## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEVEN KELSAY,                              CASE NO.:

       Plaintiff,

vs.

TODAYS DENTAL NETWORK
CORP,
a Florida Profit Corporation,

       Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, STEVEN KELSAY ("Mr. Kelsay" or "Plaintiff"), by and through his undersigned counsel, sues the Defendant, TODAYS DENTAL NETWORK CORP ("TDN" or "Defendant") and alleges the following:

1.    Plaintiff brings these claims for subjecting him to sexual harassment, retaliation, and ultimately termination in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII").  Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e et seq.

3.      The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's Title VII claims, that together, they form part of the same case or controversy. Specifically, Plaintiff a male employee, was sexually harassed and then retaliated against and fired for resisting Defendant's illegal and harassing workplace practices.

4.      On or around January 11, 2024, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5.      On or about September 10, 2025, Plaintiff received his Notice of Right to Sue from the EEOC.

6.      Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

7.      Venue is proper because Defendant conducts substantial business in Sarasota County, Florida, and Plaintiff worked for Defendant in Sarasota County, Florida, where the actions at issue took place.

## PARTIES

8.      During all times relevant, Plaintiff worked for Defendant in Sarasota

County, Florida.

9.      Plaintiff is protected by the FCRA and Title VII, because he was a male employee who suffered sexual harassment and Plaintiff is also protected by the FCRA and Title VII, because he suffered an adverse employment action after rejecting a supervisor's romantic/sexual advances by being fired for same.

10.      Defendant was at all material times an "employer" as defined by the FCRA and Title VII as it employed in excess of fifteen (15) employees.

11.      Defendant is a Florida Profit Corporation that operates in, among other places, Sarasota County, Florida.

## <u>GENERAL ALLEGATIONS</u>

12.      Mr. Kelsay worked for TDN as a Lab Manager in Sarasota, Florida, from January 11, 2023, until his termination on September 1, 2023.

13.      After working diligently for many months, Mr. Kelsay was able to successfully implement and put into effect all of the process changes and performance goals that had been set forth when he was hired.

14.      On or about August 16, 2023, Mr. Kelsay's immediate TDN Supervisor on the corporate side, Ryan McLean, was on site at the Sarasota laboratory to discuss some lab-related issues.

15.      During a closed door, one-on-one meeting, Mr. McLean made

unwanted and extremely objectionable physical contact with Mr. Kelsay, placing his hand on Mr. Kelsay's thigh and suggesting that the two of them should meet "for drinks after hours" to continue their discussion.

16.    Astonished, humiliated, terrified, and disgusted, Mr. Kelsay jumped to his feet, speechless, and left the office.

17.    Very shortly thereafter, on September 1, 2023, Mr. McLean informed Mr. Kelsay via telephone that TDN had decided to terminate his employment, effective immediately.

18.    TDN offered no cogent explanation for taking this extreme adverse employment action against Mr. Kelsay.

19.    It is clear that Mr. McLean and TDN abused, harassed, and discriminated against Mr. Kelsay based on sex, and terminated his employment in retaliation for his rejection of Mr. McLean's unwanted sexual advances.

20.    Defendant's decision to retaliate against Mr. Kelsay after he refused Mr. McLean's advances constitutes unlawful *quid pro quo* sexual harassment under Title VII and the FCRA.

21.    Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, based on his rejection to the sexual advances to which he was being subjected.

22.    By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII and the

Florida Civil Rights Act.

23.     At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

24.     Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

25.     Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

26.     Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

27.     Defendant failed to take any remedial measures in response to Mr. Kelsay's resistance to unlawful sexual harassment.

28.     As a result of the severe harassment, and the lack of any remedial action taken in response to resistance to sexual harassment, Defendant created a hostile work environment.

29.     The temporal proximity between Plaintiff's refusal of his supervisor's sexual advances, and his termination, is sufficiently close to create the necessary nexus between the events.

30.     As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

31.     As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

32.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I:**
**SEXUAL HARASSMENT UNDER TITLE VII**

33.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1, 2, and 4 through 32 as if fully set forth in this Count.

34.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment under Title VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. § 2000e et seq.

35.     The sexual harassment to which Plaintiff was subjected was sufficiently severe to create a hostile work environment under Title VII.

36.     Mr. Kelsay's rejection of a Mr. McLean's advances towards him and his termination shortly thereafter constitute unlawful quid pro quo sexual harassment under Title VII.

37.     The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

39.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

40.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

41.    Issue a declaratory judgment that the sexual harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

42.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the sexual harassment through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

43.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

44.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k).; and

45.    Provide any additional relief that this Court deems just and appropriate.

## COUNT II:
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## UNDER THE FLORIDA CIVIL RIGHTS ACT

46.    Plaintiff realleges and adopts the allegations contained in Plaintiff realleges and adopts the allegations contained in Paragraphs 1, and 3 through 32 as if fully set forth in this Count.

47.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

48.    The sexual harassment to which Plaintiff was subjected was sufficiently severe to create a hostile work environment under the FCRA.

49.    Mr. Kelsay's rejection of a Mr. McLean's advances towards him and his termination shortly thereafter constitute unlawful quid pro quo sexual harassment under the FCRA.

50.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51.    The conduct of Defendant was so willful and wanton, and in such reckless

8

disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

53.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

<u>**REQUEST FOR RELIEF AS TO COUNT II**</u>

WHEREFORE, Plaintiff prays that this Court will:

54.     Issue a declaratory judgment that the sexual harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

55.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the sexual harassment through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

56.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

57.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to Section 760.11(5), Fla. Stat.; and

58.     Provide any additional relief that this Court deems just.

<u>**COUNT III:**</u>
<u>**FOR RETALIATION UNDER TITLE VII BASED ON**</u>
<u>**RESISTING SEXUAL HARASSMENT**</u>

59.    Plaintiff realleges and adopts the allegations contained in Paragraphs 1, 2, and 4 through 32 as if fully set forth in this Count.

60.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for resisting sexual harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

61.    The retaliation to which Plaintiff was subjected was based on his resistance to Defendant's illegal sexual harassment to which he was being subjected.

62.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

64.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

65.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF AS TO COUNT III**

WHEREFORE, Plaintiff prays that this Court will:

66.    Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

67.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

68.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

69.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

70.    Provide any additional relief that this Court deems just.

## COUNT IV:
## FOR RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON RESISTING SEXUAL HARASSMENT

71.    Plaintiff realleges and adopts the allegations contained in Paragraphs 1, and 3 through 32, as if fully set forth in this Count.

72.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for resisting sexual harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

73.    The retaliation to which Plaintiff was subjected was based on his resistance to Defendant's illegal sexual harassment to which she was being subjected.

74.    The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

77.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

78.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

79.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay and/or promotion;

80.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

81.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

82.     Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 8th day of December, 2025.

Respectfully submitted,

**/s /Andres Kroboth**
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
    Plantation FL, 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: andres@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*